IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEAN CARLOS RAMOS<br>also known as<br>Gorilon,<br><br>Defendant. | CRIMINAL FILE NO.<br>1:11-CR-60-3-TWT |

**ORDER**

This is a criminal action. It is before the Court on the Report and Recommendation [Doc. 555] of the Magistrate Judge recommending denying the Defendant's Motion to Dismiss Indictment [Doc. 529 & 541]. The Defendant contends that the ten year delay between his indictment in 2011 and his arrest in 2021 violated his constitutional right to a speedy trial. The Supreme Court has identified four factors which are to be considered: [1] Length of delay, [2] the reason for the delay, [3] the defendant's assertion of his right, and [4] prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Magistrate Judge found that factors 1 and 3 favor the Defendant. The Defendant objects to the Magistrate Judge's recommendation as to factors 2 and 4. After the evidentiary hearing, the

Magistrate Judge found that the evidence before the Court is that Ramos left the United States for the Dominican Republic shortly after the crimes alleged in the indictment were committed, leaving behind several close family members, but there is no record of a lawful departure from the country under his name, and multiple sources informed the agents that Ramos fled the country to avoid arrest after the crimes were committed, and when Ramos was arrested, he was not living at his grandparents' home in Miches, but in Santo Domingo, where co-Defendant Rosario reported that Ramos was actively evading detection. The difficulties that the Government encountered in obtaining an arrest warrant that would be recognized by the Dominican Republic are thoroughly set forth in the Report and Recommendation. The Magistrate Judge identified some deficiencies in the Government's search for the Defendant. Nevertheless, the government made a diligent and good faith effort to locate Ramos in many respects, and Ramos contributed to the delay by fleeing to the Dominican Republic after the crimes occurred and by not having an identification number which would allow him to be located. Accordingly, the Magistrate Judge correctly concluded that the reasons for the delay in arresting the Defendant do not weigh heavily against the Government. The Magistrate Judge also correctly concluded that the Defendant had failed to show that his ability to present a defense has been hindered. The Defendant's Objections

to the Report and Recommendation are overruled. The Court approves and adopts the Report and Recommendation as the judgment of the Court. The Defendant's Motion to Dismiss the Indictment [Doc. 529 & 541] is DENIED.

SO ORDERED, this __5th__ day of April, 2023.

THOMAS W. THRASH, JR.
United States District Judge